# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  
KATHERINE ANTTI,  \*  
                                  \*   No. 14-579V  
          Petitioner,  \*   Special Master Christian J. Moran  
                                  \*  
v.                                  \*   Filed: October 12, 2016  
                                  \*  
SECRETARY OF HEALTH  \*   Attorneys' fees and costs; award  
AND HUMAN SERVICES,  \*   in the amount to which respondent  
                                  \*   has not objected  
                                  \*  
                                  \*  
          Respondent.  \*  
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Isaiah Richard Kalinowski</u>, Maglio Christopher and Toale, PA for petitioner;  
<u>Debra A. Filteau Begley</u>, U.S. Dep't of Justice, Washington, DC, for respondent.

## **UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS**[1]

      On July 8, 2014, Susan Antti filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, <u>et seq.</u>, (the "Vaccine Act") on behalf of her then-minor child Katherine Antti. Katherine (hereinafter "petitioner") was substituted as petitioner on October 8, 2014, after she reached the age of majority. Petitioner alleged that she suffered headaches and visual changes, including a convergence and focusing disorder. On March 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Because petitioner received compensation, petitioner is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

On October 11, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.[2]  Petitioner requests attorneys' fees and costs in a total amount of $44,000.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $44,000.00.  Of this amount $ 44,000.00 shall be payable as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski.**[3]

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Christian J. Moran**
> Christian J. Moran
> Special Master

---

[2] In the motion, petitioner states that respondent has no objection to petitioner's request.

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.